STATE OF NEW HAMPSHIRE

HILLSBOROUGH, ss                          SUPERIOR COURT NORTH

ILEANEX HERNANDEZ             *
102 Sagamore Street                *
Manchester, NH 03104,           *    No. **216-2020-CV-00821**
         Plaintiff                    *
                                *
vs.                                *
                                *
MARTIN & SHEEHAN, INC.      *
     d/b/a COLORTYME           *
338 Lincoln Street                 *
Manchester, NH 03103            *
         Defendant                 *

## COMPLAINT

### NATURE OF THE ACTION

This is an action for sexual discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex by Colortyme, Inc., (hereafter "Defendant"), and to make whole Ileanex Hernandez (hereafter "Plaintiff"), who was harmed by Defendant's discriminatory practices. As alleged in greater detail in the paragraphs below, Defendant subjected Plaintiff to sex discrimination by creating and failing to remedy a hostile work environment on the basis of sex, promoting and tolerating sexually harassing behavior and by exposure the Plaintiff to such behavior.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to RSA 354-A:21.

2. The employment practices alleged to be unlawful were committed within Hillsborough County, in the State of New Hampshire.

This is a Service Document For Case: 216-2020-CV-00821
Hillsborough Superior Court Northern District
12/3/2020 10:03 AM

3. The Parties to this action are all located within Hillsborough County, in the State of New Hampshire.

## PARTIES

4. Plaintiff, Ileanex Hernandez is a female, adult resident of the State of New Hampshire.

5. The Defendant, Martin and Sheehan, Inc., d/b/a Colortyme, is a New Hampshire business corporation with a principal place of business at 338 Lincoln Street in Manchester, New Hampshire. It is in the "rent to own" furniture and appliance business. It is a franchise business of a larger corporation which is not a Defendant herein.

6. The Plaintiff was employed by the Defendant from October 18, 2018, to April 18, 2019, as a "Front Desk Manager" under the supervision of Darrin Jones, the Store Manager.

7. Shortly after beginning her employment, the Plaintiff became the subject of sexually suggestive comments made directly to her by Store Manager Jones. On several questions he invited the Plaintiff to go out for a drink with him, or to visit his house. He would add that he could "blow your back out" during sex.

8. The Plaintiff declined all of Jones' offers and, in retaliation from being rejected, Jones would treat her with hostility.

9. On December 12, 2018, Jones showed the Plaintiff photographs of himself in his boxer shorts or other states of near undress and inquired whether one of the Plaintiff's female friends "would like that".

10. Shortly thereafter, Jones displayed a measuring tape to the Plaintiff which has been opened to a length of eight inches and boasted that the measurement was his "size".

11. The Plaintiff complained of Jones' behavior and, during the month of December, the company's owner called a meeting of all employees and described and discouraged this behavior which he described as "inappropriate". For a brief period, the harassment abated.

12. On January 11, 2019, the Plaintiff married. She appeared at work after the ceremony, as required, and was confronted by Jones who looked at her salaciously and commented on her appearance and the fact that she "wanted it". Jones comments continued for many weeks and contained references to himself shaving his privates. Again, the company's owner spoke to the assembled employees concerning unacceptable behavior. No disciplinary action was taken or reported to the Plaintiff.

13. On February 1, 2019, while engaged in a discussion with the assistant store manager, Jones approached the Plaintiff from behind and slapped her buttocks with considerable force causing both pain and embarrassment.

14. On February 8, 2019, Jones began criticizing the Plaintiff's weight and physical shape. The Plaintiff responded that her husband had no issue with her weight. Jones retreated to his office in apparent anger. The Plaintiff, concerned that she had offended Jones and that he might retaliate, went to his office and offered him an apology and a handshake. Jones responded that he would not shake her hand but "might put a finger in your ass instead".

15. Thoroughly shaken by the incident, the Plaintiff did not report to work the following morning. Instead, she called the assistant store manager and complained of the

event. A face to face meeting with Jones, the company's owner, the Plaintiff and the assistant manager was scheduled that afternoon, February 9, 2019. At the conclusion of the meeting, the Plaintiff was assured that the conduct would not happen again.

16. But it did happen again. It continued and was reinforced by Jones' intensifying his criticism of the Plaintiff.

17. On April 18, 2019, unable to deal with Jones unrelenting conduct and the apparent inability of the Defendant corporation to remedy the situation and provide an appropriate work environment, the Plaintiff left the company.

## STATEMENT OF CLAIMS

18. The Defendant's practices complained of in paragraphs 4 through 17 above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment because of her sex and her opposition to discrimination on the basis of sex.

19. Defendant's unlawful employment practices complained of in paragraphs 4 through 18 above were intentional.

20. Defendant's unlawful employment practices complained of in paragraphs 4 through 18 were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

B.  Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

C.  Order Defendant to pay plaintiff compensation for past and future pecuniary losses in amounts to be determined at trial.

D.  Order Defendant to pay Plaintiff damages for its malicious and/or reckless conduct in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper.

F.  Award the Plaintiff her costs and fees in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: November 19, 2013

Respectfully submitted,
Ileanex Hernandez
BY HER ATTORNEYS:

Robert E. McDaniel
The McDaniel Law Offices, LLC
P.O. Box 961
4 Stevens Avenue
Meredith, NH 03253
603 393 9033

5